UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CRAIG J. CAMPBELL,

Plaintiff,

v.                     4:15-cv-4

TODD MARTIN, Deputy Chief Assistant, Eastern Judicial Circuit,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Court dismiss Craig J. Campbell's 42 U.S.C. § 1983 action with prejudice, ECF No. 4. For the reasons set forth below, the Court *VACATES* the Magistrate Judge's R&R.

### II. BACKGROUND

On January 14, 2015, the Magistrate Judge issued an order granting Campbell leave to proceed *in forma pauperis* ("IFP") on the condition that he provide a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account. ECF No. 3. In closing, the Magistrate Judge advised that "[i]f no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed and will dismiss this action *without prejudice*." *Id.* at 4 (emphasis added). Nevertheless, on April 3, 2015, after Campbell failed to timely respond to the Magistrate Judge's order conditionally granting him IFP status, the Magistrate Judge recommended that Campbell's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41(b). ECF No. 4 at 1.

### III. STANDARD OF REVIEW

The Court reviews *de novo* any portions of a magistrate judge's R&R "to which objection is made." 28 U.S.C. § 636(b)(1). Where neither party files objections, the Court's review is for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court . . . must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)); *see also Butler v. Emory Univ.*, 45 F. Supp. 3d 1374, 1382 (N.D. Ga. 2014) ("[P]ortions of the R&R to which no objection is made need be reviewed only for clear error." (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### IV. ANALYSIS

Although Campbell has not objected to the Magistrate Judge's R&R, the Court finds clear error in the recommendation and therefore substitutes this order in its stead.

#### A. Rule 41(b)

The Magistrate Judge recommended that the Court dismiss Campbell's case pursuant to Federal Rule of Civil Procedure and Local Rule 41(b). ECF No. 4. Dismissal of

a complaint pursuant to Rule 41(b) "is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt . . . ; and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (emphasis in original) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). The Eleventh Circuit "rigidly require[s] the district courts to make these findings precisely '[b]ecause the sanction of dismissal with prejudice is so unsparing' and [the Court of Appeals] strive[s] to afford a litigant his or her day in court, if possible." *Id.* at 1339 (second alteration in original) (quoting *Mingo v. Sugar Cane Growers Co-Op. of Fla.*, 864 F.2d 101, 103 (11th Cir. 1989)). Indeed, failure to make such specific findings generally warrants reversal. *See Mingo*, 864 F.2d at 102 ("Although [the Eleventh Circuit] occasionally ha[s] found implicit in an order the conclusion that lesser sanctions would not suffice, [it] ha[s] never suggested that the district court need not make that finding, which is *essential* before a party can be penalized for his attorney's misconduct." (emphasis added) (citation omitted) (internal quotation marks omitted)).

### B. Application

Here, the Magistrate Judge failed to make specific findings as to both whether Campbell engaged in a clear pattern of delay or willful contempt and as to whether lesser sanctions would sufficiently address any purported misconduct. The Magistrate Judge instead summarily recommended dismissing Campbell's Complaint with prejudice.

The Court finds that the Magistrate Judge's recommendation is clearly erroneous. At worst, Campbell's failure to comply with the Magistrate Judge's order to furnish a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account was attributable either to neglect or to confusion. But "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct" necessary to support the sanction of dismissal with prejudice. *See Bettis v. Toys "R" US—Del., Inc.*, 273 F. App'x 814, 818 (11th Cir. 2008) (citing *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). The more reasonable interpretation of Campbell's failure to timely furnish the requested documents is that Campbell accepted the Magistrate Judge's invitation "to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1)." *See* ECF No. 3 at 3, 4 ("If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed and will dismiss this action without prejudice.").

Thus, the Court finds that the record does not support dismissal of Campbell's case with prejudice under Federal Rule of Civil Procedure 41(b). Rather, the Court finds Campbell's failure to comply with the Court's order conditionally granting him IFP status is best construed as a voluntary dismissal of his case. *See* ECF No. 3 at 4-5.

2

## V. CONCLUSION

The Court found that the Magistrate Judge's recommendation that Campbell's case be dismissed with prejudice was clearly erroneous and therefore *VACATED* the Magistrate Judge's R&R, ECF No. 4. The Court's review of the record made clear that Campbell's failure to timely comply with the Court's order to furnish a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account is best construed as Campbell's voluntary dismissal of his case, *see* ECF No. 3 at 4-5. Accordingly, the Court *DISMISSES* Campbell's Complaint, ECF No. 1, *WITHOUT PREJUDICE*.

Pursuant to the order conditionally granting Campbell IFP status, Campbell is not required "to pay the filing fee" and this dismissal does not "count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g)." *See* ECF No. 3 at 3.

This 15 day of June 2015.

---
LISA GODBEY WOOD
CHIEF JUDGE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF GEORGIA